UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELLIOT RAMONE MADDOCK,
a/k/a Joseph Stevens,

        Petitioner,

    v.                                                Case No. 04-C-0768

DAN BENIK, Warden,
Stanley Correctional Institution,

        Respondent.

## DECISION AND ORDER

### I. BACKGROUND

On August 12, 2004, the petitioner, Elliot Ramone Maddock ("Maddock"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 8, 2004, the respondent filed his answer and asserted, among other things, that the petitioner had not exhausted his state remedies with respect to one of his claims. On October 25, 2004, this court entered an order staying Maddock's federal habeas corpus petition for a limited period of time in order to allow him an opportunity to file a *Knight* petition for writ of habeas corpus with the Wisconsin Court of Appeals. *See State v. Knight*, 168 Wis.2d 509, 484 N.W.2d 540 (1992). On April 20, 2007, Maddock filed a letter with this court together with copies of the state court of appeals' decision denying his application for a writ of habeas corpus and the Wisconsin Supreme Court's denial of his petition for review. Consequently, on April 20, 2007 the stay was lifted by this court, and a briefing schedule was issued to govern the processing of the petition.

On August 17, 2007, the respondent filed a motion for summary judgment based on the claimed untimeliness of Maddock's habeas corpus petition. At the same time, the respondent filed a motion to stay briefing on the merits of the habeas petition until the motion for summary judgment was resolved. On August 20, 2007, this court entered an order staying briefing on the merits of Maddock's petition for a writ of habeas corpus pending the resolution of the respondent's motion for summary judgment on the issue of the timeliness of Maddock's habeas corpus petition. The respondent's motion for summary judgment is now fully briefed and is ready for resolution. For the reasons which follow, the respondent's motion for summary judgment will be granted and this action will be dismissed.

## II. DISCUSSION

Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Maddock's habeas petition, as further supplemented by the parties' briefs and submissions, demonstrates that on Maddock was convicted in the Racine County Circuit Court of one count of first-degree sexual assault, in violation of Wis. Stat. § 940.225(1)(b), and one count of kidnapping, in violation of Wis. Stat. § 940.31(1)(a). (Dkt. 1.) On June 21, 1999, the circuit court sentenced Maddock to twenty years on each count, to be served consecutively. (Dkt. 8, Ex. A.) Maddock appealed his conviction to the Wisconsin Court of Appeals, which affirmed his conviction on October 4, 2000. (Dkt. 8, Ex. E.) On January 16, 2001, the Wisconsin Supreme Court denied Maddock's petition for review. (Dkt. 8, Ex. I.)

On September 13, 2001, Maddock filed a motion for postconviction relief with the Racine County Circuit Court pursuant to Wis. Stat. § 974.06. (Dkt. 1:3.) The court denied this motion on October 17, 2001. (*Id.*; Dkt. 8, Ex. J:1.) On December 3, 2001, Maddock filed an amended motion for postconviction relief pursuant to Wis. Stat. § 974.06. The court denied this motion on December 6, 2001. (Dkt. 8, Ex. J:1.)

On April 12, 2002, Maddock filed a notice of appeal from both orders with the Wisconsin Court of Appeals. That same day, Maddock moved the circuit court, pursuant to Wis. Stat. §

3

806.07(1)(a), to correct a possible clerical error by vacating the prior orders of October 17 and December 6, 2001, and re-entering them so as to start the appeal time again. In his motion, Maddock contended that there was a delay in the receipt of the orders due to the clerk of court's failure to address his mail to his alternate name, Joseph Stevens. A hearing was held on May 1, 2002, and an order was entered on May 2, 2002, denying Maddock's motion. (Dkt. 8, Ex. L:2.)

On August 19, 2002, the Wisconsin Court of Appeals dismissed Maddock's April 12, 2002 appeal as untimely. (Dkt. 8, Ex.J:1-2.) Maddock then moved the Wisconsin Court of Appeals to reconsider the dismissal of the appeal, arguing that his notice of appeal was timely filed from the date he actually received the October 17 and December 6, 2001 orders. (Dkt. 8, Ex. K.) On September 20, 2002, the Wisconsin Court of Appeals granted the motion for reconsideration as to the order denying relief from judgment under Wis. Stat. § 806.07(1)(a) entered on May 2, 2002. The parties were to brief only the issue of the circuit court's refusal to grant relief under Wis. Stat. § 806.07(1)(a), and were not to address the merits of Maddock's motions for postconviction relief and for reconsideration denied by the orders of October 17 and December 6, 2001, respectively. (Dkt. 8, Ex. N.) After the parties briefed the issue, on April 2, 2003 the Wisconsin Court of Appeals affirmed the circuit's order. (Dkt. 8, Ex. V.) On June 12, 2003, the Wisconsin Supreme Court denied Maddock's petition for review. (Dkt. 8, Ex. Y.)

The respondent asserts that 28 U.S.C. § 2244(d)(1)(A) is the appropriate subsection to use to calculate the start of Maddock's filing period. The respondent argues that the other subsections of § 2244(d)(1) are not applicable because there were no state-created impediments to Maddock's filing his federal habeas corpus petition, no claims that relied on newly recognized rights by the

4

Supreme Court, and no factual predicates to his claims that were not discoverable before the end of his direct appeal.

Under § 2244(d)(1)(A), the issue to be addressed is whether Maddock's petition was filed within one year of the date on which his judgment of conviction became final. In addressing this issue, the court must also bear in mind that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)(1)]." 28 U.S.C. § 2244(d)(2).

Under 28 U.S.C. § 2244(d)(1)(A), Maddock's state court judgment became final on April 16, 2001, i.e., the date on which, after direct review of his conviction was complete in Wisconsin courts, the time for Maddock to file a petition for a writ of *certiorari* in the United States Supreme Court expired. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (holding that the ninety day period after a direct appeal during which a petition for writ of *certiorari* may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of determining when the statute of limitations begins to run).

However, on September 13, 2001 and December 3, 2001, Maddock filed postconviction motions pursuant to Wis. Stat.§ 974.06. The filing of those motions tolled the running of the § 2254 one-year period of limitations, pursuant to 28 U.S.C. § 2244(d)(2). But, by the time the first of the § 974.06 motions was filed on September 13, 2001, approximately five months had passed from April 16, 2001, leaving approximately seven months remaining in the one-year period of limitations. As noted above, after various appeals and motions for reconsideration, on June 12, 2003, the Wisconsin Supreme Court denied Maddock's petition for review of his postconviction motions.

5

Unlike on direct review, a habeas petitioner is not entitled to tack on the 90 days for seeking *certiorari* from the denial of a state collateral attack for purposes of tolling the statute of limitations under 28 U.S.C. § 2244(d)(2), unless *certiorari* is actually sought. *Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000). It does not appear that Maddock filed a petition for writ of *certiorari* to have the United States Supreme Court review the state courts' denial of his postconviction motions. Such being the case, the statute of limitations began to run the day after the Wisconsin Supreme Court denied Maddock's petition for review, on June 13, 2003. (See Fed. R. Civ. P. 6(a); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002)). Given that approximately five months had already run from his one year filing period, Maddock had until approximately mid-January 2004 to file his petition for writ of habeas corpus in order for it to have been filed timely under § 2244(d)(1). Maddock's petition was filed on August 12, 2004.

Maddock contends that the provision which is applicable to his situation is § 2244(d)(1)(B) because a state-created impediment prevented him from filing his petition. Maddock appears to argue that a cause of his failure was Wisconsin's *Escalona* doctrine, which bars any claim that could have been raised on direct appeal or in a previous Wis. Stat. § 974.06 postconviction motion from being raised in a subsequent § 974.06 postconviction motion, absent a sufficient reason. *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (Wis. 1994). However, it is unclear how the application of this doctrine would have any effect on Maddock's ability to file a federal habeas corpus petition. Although *Escalona* may apply to Maddock's ability to file postconviction motions under Wis. Stat. § 974.06, it does not create any impediments for the subsequent filing of a habeas petition.

6

Maddock also appears to contend that the clerk of court's failure to address his mail to his alternate name, causing delay in his receipt of the orders denying his motions for postconviction relief, was an impediment which prevented him from filing his federal habeas corpus petition. (Pet.'s Mot. to Clarify Proc. Def. Argument at 1-2.) However, this alleged error by the clerk only affected Maddock's ability to timely appeal the orders denying his postconviction motions under § 974.06. As noted above, Maddock's filing of the first postconviction motion tolled the running of the § 2254 one-year period of limitations. The § 2254 period of limitations was tolled during the entire period from his initial filing on September 13, 2001 until the Wisconsin Supreme Court denied his petition for review on June 12, 2003. As such, any errors that occurred during this period did not affect Maddock's ability to file a federal habeas corpus petition in the 5 months prior to his filing of his postconviction motion, or in the 7 months after the Wisconsin Supreme Court denied his petition for review. Simply stated, Maddock has not presented any evidence to support his contention that § 2244(d)(1)(B) is applicable to his situation.

Maddock also argues that the statute of limitations did not begin to run until 110 days, rather than 90 days, after the Wisconsin Supreme Court denied his petition for review. Maddock contends that Wis. Stat. § 809.64 provides for a 20 day statutory time period for the filing of a petition for rehearing or reconsideration, and that this period should be added to the 90 day period for seeking *certiorari*. However, even if Maddock is correct in this assertion, this does not render his federal habeas petition timely filed. As noted above, Maddock's petition was filed on August 12, 2004. Even if the 90 day period were extended to 110 days, Maddock's petition still needed to be filed by approximately February 2004 in order to be timely.

7

Maddock also argues that he is entitled to invoke the doctrines of equitable tolling and equitable estoppel in order to save his petition. Neither the Seventh Circuit nor the United States Supreme Court has conclusively determined if equitable tolling applies to the AEDPA's statute of limitations. *See Lawrence v. Florida,* 127 S. Ct. 1079, 1085 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005)); *Johnson v. Chandler,* 2007 WL 836598, **3 (7th Cir. 2007) (citing *Williams v. Sims*, 390 F.3d 958, 962 (7th Cir. 2004)). However, in *Pace*, the Supreme Court determined that, assuming equitable tolling was available in the habeas context, a petitioner would have to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace*, 544 U.S. at 418; *see also Lawrence*, 127 S. Ct. at 1085. The Seventh Circuit has noted that "[e]quitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Balsewicz v. Kingston*, 425 F.3d 1029, 1033 (7th Cir. 2005) (citing *Gildon v. Brown*, 384 F.3d 883, 887 (7th Cir. 2004)). Similarly, the doctrine of equitable estoppel applies to situations involving "'conduct by the defendant that prevents the plaintiff from suing within the statutory period." *Id*. at 1034.

Maddock argues that "the conduct of the respondents placed insurmountable hurdles [] into the equation far beyond [petitioner's] control," and that "the record would require further development in order to ascertain whether petitioner Maddock was diligent in pursuing his rights." (Pet.'s Br. at 12.) Moreover, although it is not entirely clear, Maddock appears to raise the same argument regarding Wisconsin's *Escalona* doctrine as he did in arguing for the applicability of § 2244(d)(1)(B).

However, as discussed above, *Escalona* does not create any impediments for the filing of a federal habeas petition. Furthermore, Maddock does not point to any specific barriers created by the

8

respondent, nor does he provide any specific examples of how he was diligent in pursuing his rights or was hindered by extraordinary circumstances. Such being the case, there is no indication that equitable tolling or equitable estoppel are applicable in this case.

In the end, and for all of the foregoing reasons, Maddock's federal habeas corpus petition was filed in untimely fashion and neither the doctrine of equitable tolling nor equitable estoppel can save it from dismissal. Thus, Maddock's petition for a writ of habeas corpus will be dismissed for untimeliness.

**NOW THEREFORE IT IS ORDERED** that the respondent's motion for summary judgment be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Maddock's petition for a writ of habeas corpus be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this 21st day of November 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge